**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PAUL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  2:10-cv-962 |
| vs. ) | |
| ) | |
| LVNV FUNDING, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, PAUL JONES, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, LVNV FUNDING, LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Columbus, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Greenville, South Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about the month of March of 2009, Defendant began contacting Plaintiff in attempts to collect the aforementioned alleged debt that stemmed from an online purchase of exercise equipment which was fraudulently purchased using Plaintiff's name.

8. During numerous telephone conversations with Defendant's representatives and/or employees, including, but not limited to an individual representing herself as "Bobbi Davenport," Plaintiff reiterated that he never approved the purchase of the machine in his name, nor did he even discover the fraud until well after the purchase was made.

9. Further, Plaintiff informed Defendant's representatives and/or employees that the original creditor was aware of the fraudulent transaction and that the dispute had been resolved with the original creditor.

10. On or about March 25, 2010, Plaintiff mailed a letter to Defendant disputing the alleged debt, restating the fact that the alleged debt was a result of fraud and requesting validation of the alleged debt. A copy of said letter is attached hereto as Exhibit 1.

11. Nonetheless, Defendant's representatives and/or employees continued to attempt to collect the alleged debt, demanding payment and threatening to initiate legal action against Plaintiff.

12. Also during the month of March of 2010, Defendant reported the alleged debt to the credit reporting agencies, thereby causing it to appear on Plaintiff's credit reports, despite the fact that the alleged debt was not the responsibility of Plaintiff to pay. Further, Defendant failed to initially report that the debt was disputed by Plaintiff despite having full knowledge of the nature of Plaintiff's dispute.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    c. Communicating credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed by Plaintiff, in violation of 15 U.S.C. § 1692e(8); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, PAUL JONES, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

15.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16.    Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17.    Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

18.    Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

19.    Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20.    Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, PAUL JONES, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com